446

■

## CIRCUIT COURT OF ROCKINGHAM COUNTY

Bowman Plumbing, Heating,
and Electrical, Inc.

v.

Dan Logan
and Debbie Logan

September 12, 2002

Case No. (Law) CL01-12677

BY JUDGE JOHN J. MCGRATH, JR.

This case is before the Court on Defendant's appeal de novo from the judgment of the General District Court handed down on October 19, 2001.

*Facts*

On or about March 27 and March 28, 2001, the Plaintiff attempted to repair a heating system in the Defendants' residence. All such repairs were made at the request of the Defendants. After working on the system, the Plaintiff presented Defendants with an invoice for $616.30 including parts and labor. The invoice is dated March 30, 2001. The invoice indicates that the account was due within five days of the invoice date.

The invoice indicates that "Finance Charge of 2% per month ($5.00 Minimum) to be added to all unpaid balances. Owner or above named to be

liable for all legal and collection fees." In this proceeding, the Plaintiff seeks to recover the principal amount of the invoice, plus this additional two percent per month.

## Arguments

The Defendants do not contest that they orally contracted with Defendant to perform repairs on their heating system. They do, however, contest the amount of time that the Plaintiff claims to have worked and, thus, the amount charged for labor in the invoice. The Defendants also claim that Plaintiff negligently performed the work and did not in fact repair the heating system.

Defendants claim that Plaintiff violated Code §§ 59.1-200(A)(5), (10), and (14) by misrepresenting that it had fixed the heating system and misrepresenting the time spent working on the system. The Court finds that this claim is without merit; there is insufficient evidence to conclude that Plaintiff made any misrepresentations concerning the work it did or the amount of time consumed in doing the repairs. There was no evidence that Plaintiff violated any custom or practice by billing on a portal to portal basis and for the time consumed in obtaining needed supplies.

Defendants claim that Plaintiff's negligent conduct caused significant harm to their property, far greater than any value provided by Plaintiff. The Court finds that there is insufficient evidence to support this claim. The evidence was that the Defendants' boiler had been used long past its normal expected life span, and there is insufficient evidence to prove that the Plaintiff's repairs damaged the boiler. The Defendants also claim that Plaintiff breached its contract by not repairing the system. The Court finds that Plaintiff fulfilled its obligations under the contract.

Defendants claim that Plaintiff violated the Truth in Lending Act. The Court finds that the Plaintiff is not a creditor for purposes of the Truth in Lending Act. Even if the Plaintiff were a creditor, the Plaintiff never consummated a credit transaction with the Defendants; so the Plaintiff was never obligated to make the disclosures required by the Truth in Lending Act. *See, e.g., Bright v. Ball*, 616 F.2d 328 (7th Cir 1980) ("A transaction shall be considered consummated at the time a contractual relationship is created between a creditor and a customer or a lessor and lessee irrespective of the time of performance of either party."); 12 CFR 226.2(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction.").

Defendants claim that Plaintiff committed usury in violation of Code § 6.1-330.77.1 by charging the Defendants excessive finance charges. The Court finds that the two percent per month "finance charge" referred to in the invoice is not interest regulated by Code § 6.1-330.77.1, but rather is a late charge regulated by Code § 6.1-330.80. *See, e.g., Alston v. Crown Auto,* 224 F.3d 332 (4th Cir. 2000); *Ward's Adm'rs v. Cornett,* 91 Va. 676 (1895) ("A debt, to be usurious, must be so in the beginning. It cannot be made so by subsequent events. . . . Where the debtor, by a punctual payment of the debt, may thus relieve himself and avoid the payment of the illegal interest stipulated for, it is not usury."); *Pollard v. Baylor,* 20 Va. (6 Munf.) 433 (1819) ("[A] penalty inserted in a contract, from which a party may deliver himself, does not make the contract usurious").

Defendants, in turn, claim that Plaintiff violated Code § 6.1-330.80 by charging an excessive late charge. Code § 6.1-330.80 reads as follows:

> A. Any lender or seller may impose a late charge for failure to make timely payment of any installment due on a debt, whether installment or single maturity, provided that such late charge does not exceed five percent of the amount of such installment payment and that the charge is specified in the contract between the lender or seller and the debtor. For the purposes of this section, "timely payment" is defined as one made by the date fixed for payment or within a period of seven calendar days after such due date. Late charges shall not be deemed to include charges imposed upon acceleration of the entire debt or to include costs of collection and attorney's fees as otherwise permitted by law by reason of a default by the debtor. . . .
>
> C. Any provision for late charges in excess of the amount permitted by this section shall be void as to such excess but shall not otherwise affect the validity of the obligation.

Since the two percent per month charged in the invoice exceeds the five percent maximum late charge allowed by the Statute in Subsection A, the Court finds that Plaintiff did violate Code § 6.1-330.80(A).

It also bears mentioning that the parties never contracted regarding the payment of any kind of late charge, and Code § 6.1-330.80(A) requires that the amount of a late charge be "specified in the contract between the lender or seller and the debtor." The two percent per month late charge was, therefore, void at its inception.

Defendants claim that Plaintiff violated the Virginia Consumer Protection Act (Code § 59.1-200(A)(13)) by seeking to charge a late charge in excess of the amount allowed by Code § 6.1-330.80(A). The pertinent language of Code § 59.1-200 is as follows:

A. The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful. . . .

13. Using in any contract or lease any liquidated damage clause, penalty clause, or waiver of defense, or attempting to collect any liquidated damages or penalties under any clause, waiver, damages, or penalties which are void or unenforceable under any otherwise applicable laws of this Commonwealth, or under federal statutes or regulations;

In this case, there was no "contract or lease" because there had been no agreement reached with the Defendants to pay a "late charge" or a "finance charge." Thus, the question is whether the Plaintiff attempted "to collect any liquidated damages or penalties under any clause, waiver, damages, or penalties which are void or unenforceable under any otherwise applicable laws of this Commonwealth, or under federal statutes or regulations"?

It is clear that the "finance charge" of two percent per month is not an attempt to collect "liquidated damages." *See, e.g., Perez v. Capital One Bank,* 258 Va. 612 (1999). Thus, the ultimate and dispositive question is whether the Plaintiff was engaging in an attempt to collect "penalties which are void or unenforceable under any otherwise applicable laws of this Commonwealth or under federal statute or regulations." This Court finds that the two percent per month late charge assessed by Plaintiff in the invoice was not a "penalty" under Code § Code § 59.1-200(A)(13).

This Court additionally adopts the reasoning of *Alston v. Crown Auto,* 224 F.3d 332 (4th Cir. 2000), and concludes that the only remedy for a violation of Code § 6.1-330.80(A) is voiding any amount of late fees in excess of five percent. *See* Code § 6.1-330.80(C). A violation of Code § 6.1-330.80(A) does not automatically constitute a violation of Code § 59.1-200(A)(13).

Wherefore, it is hereby adjudged, ordered, and decreed that Defendants are in debt to the Plaintiff. The Court awards the Plaintiff $616.30, plus the judgment rate of interest as calculated from October 19, 2001, plus costs. The Court does not award attorney's fees, nor does it award the unenforceable two

percent per month late charge. Endorsement of this Order by counsel is waived pursuant to Rule 1:13 of the Supreme Court of Virginia. Nothing further remaining to be done with this case, it is hereby removed from the Docket. The Clerk of the Court is directed to send certified copies of this Opinion and Order to Derrick W. Whetzel, Counsel for the Plaintiff, Bowman Plumbing, Heating, and Electrical, Inc.; and to Thomas D. Domonoske, Counsel for the Defendants, Dan Logan and Debbie Logan.